**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EDGAR HERNANDEZ-RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-812

Agency No. A205-297-489

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023[**]
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Edgar Hernandez-Rodriguez (Hernandez-Rodriguez), a native and a citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial by an Immigration Judge (IJ) of cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a).

"We review for substantial evidence the agency's determination that a petitioner has failed to establish eligibility for asylum or withholding of removal . . ." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation, alteration, and internal quotation marks omitted). We also review for substantial evidence the BIA's determination to deny CAT relief. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022), *as amended*. "We review de novo the BIA's conclusions on pure questions of law. . . ." *Iraheta-Martinez v. Garland*, 12 F.4th 942, 947 (9th Cir. 2021) (citation omitted).

1.    We lack jurisdiction to review the BIA's discretionary decision to deny cancellation of removal. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (per curiam). And, Hernandez-Rodriguez failed to raise a constitutional claim over which we would have jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). "[W]e also have jurisdiction to

review whether the IJ considered [relevant] evidence in deciding whether to grant cancellation of removal." *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). Although Hernandez-Rodriguez contends that the agency failed to consider the human rights reports and country conditions, the record does not reflect that the BIA failed to do so. *See Aguilar-Osorio*, 991 F.3d at 999 (dismissing the cancellation of removal claim because the record failed "to indicate that there was relevant evidence that the BIA failed to consider").

2.      The untimeliness of Hernandez-Rodriguez's asylum application is outside the scope of our review because the BIA resolved the asylum claim on alternative grounds and declined to address the timeliness issue. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) (explaining that our review is limited to the issues decided by the BIA).

3.      Substantial evidence supports the BIA's denial of asylum and withholding of removal on the basis that Hernandez-Rodriguez failed to demonstrate "he would be harmed on account of his membership in the Hernandez-Rodriguez family." Hernandez-Rodriguez's father and uncle were harmed because others wanted their land. Thus, Hernandez-Rodriguez's family membership was not "one central reason" or "a reason" for any future persecution to Hernandez-Rodriguez himself. *Zentino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010), *as*

3

*amended* (citation omitted); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).[1]

4.      Substantial evidence also supports the BIA's determination that Hernandez-Rodriguez's proposed social group of returning deportees is not cognizable under our precedent. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (per curiam) (holding that the proposed social group of "returning Mexicans from the United States . . . is too broad to qualify as a cognizably social group").

The record also fails to reflect that "a pattern or practice of persecution" exists "against the group to which [Hernandez-Rodriguez] belongs." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (citation and internal quotation marks omitted).

5.      Substantial evidence supports the BIA's denial of CAT relief. To establish eligibility for CAT relief, an applicant must demonstrate the existence of a "particularized threat of torture . . . inflicted by or at the instigation of, or with the

---

[1]The Government contends that Hernandez-Rodriguez failed to exhaust the claim that he would be harmed on account of his race. But, Hernandez-Rodriguez actually testified that he did not fear harm due to his race. *See Alvarado-Herrera v. Garland,* 993 F.3d 1187, 1196 (9th Cir. 2021) (determining that the petitioner's statement denying fear of harm based on a protected ground supported the denial of relief).

4

consent or acquiescence of a public official." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (citations, emphasis, and internal quotation marks omitted). Hernandez-Rodriguez did not establish that he was at risk of a particularized threat of torture at the instigation of, or with the consent or acquiescence of a public official. To the contrary, Hernandez-Rodriguez testified that he believed that the police would protect him.

**PETITION DISMISSED IN PART, DENIED IN PART.**